DAUKSCH, Judge.
This matter is before the court upon the petition of the state to have this court review by certiorari the trial court’s order suppressing evidence.
Prohibition of use as evidence of intercepted wire or oral communications.— Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter.
The trial judge determined that because the legislature provided no exception to the foregoing prohibition that under no circumstances could the tape be used in court— even in a case, as here, where the prosecution is for the criminal interception itself. We disagree and hold that an exception must be read into the statute in order to permit prosecution for its violation. Otherwise only an absurd result is obtained. We cannot disagree with the analogy the attorney general draws saying “this is like a defense of intoxication to a driving under the influence charge.”
Respondent is charged with criminal interception of an oral conversation. It is alleged he wrongfully taped a conversation and wrongfully disclosed the contents of the tape to third persons. Ch. 934, Fla. Stat. (1985). He obtained an order suppressing the tapes because it is unlawful to place in evidence at trial the wrongfully intercepted tapes. Section 934.06, Florida Statutes (1985) says:
We grant the writ and quash the order of suppression.
WRIT GRANTED.
COBB and DANIEL, JJ., concur.